In re, Manesh, Robert D. Burstyn, counsel for the appellate may come forward, introduce yourself, tell me how much time you wish to reserve. Let's start over again. I want you to pick one of those microphones you like and I want you to talk into that one and tell continue the appeal. I am convinced this court is all about the facts. The first question is you have 15 minutes total. Would you like to save some time to speak after the attorney speaks? I would like to have 11 minutes. Oh, 11 minutes. Yeah, and then 4 minutes for later. Four minutes reserved. Okay. All right. Thank you very much. I am convinced this court is all about the facts. Up to now, I am the victim of hearsay generated by creditor and used by trustee. Here, I start to respond to appellee's brief. Appealee on his brief did not answer the appellant's brief on its entirety. Appealee did not bother to answer all error of law and abuse of discretion. Instead, has made this statement on his brief. Page 3, line 7 to 10. Quote, Appellant failed to acknowledge the legal effect of recorded title documents regarding ownership of the Delano property and simply asserts without legal authority that because he made mortgage and utility payment, he is the owner of the Delano property. Your Honor, this is false. I submitted to the court all ownership documents like title, deed of trust, promise renote, purchase agreement, quit claim. Well, let me help you out. Let me focus this a little differently, okay? You need to convince us that Judge Kaufman made a mistake. What Judge Kaufman relied on was a state court had a trial. I'm sorry, a state court determined on a default basis that the debtor owned the property and that the then wife owned it, if at all, in a resulting trustee kind of way. And that was most of what she used to get to her decision. So that's, I mean, if she made a mistake, that's what I need to know why that was a mistake. Well, you ought to get to it like right now because that's the point. Well, I was trying to bring some statements of the trustee's brief that shows that they are all not right. Well, you can use your time anyway you want, but what we have to decide is did the court make a mistake, okay? Okay. So you want me to talk about the court and the said that the judgment from the state court came to the federal court. Right. There's no doubt about it. We cannot argue that and it's accepted. To me, I wonder why is that? Because this is the preclusion. This is a law that you cannot repeat something. But what is this judgment? It's been doesn't have any foundation. It's based on fraud. This is default judgment and comes here in this court and then no one can argue about that. So this is about the debtor. The debtor, there's no way he can argue about that. But comes to me and also this is binded to me that I cannot also argue this. And the judge says that this result in judgment that comes from the state court is applying to you. And I would ask why, why is that? Why is it applying to me? Because the defendant, Shala Brumand, he already has defended in the state court. Why this is not true? Because Shala Brumand couldn't go to the state court and open the case and argue the merit basis argument of the creditor. What happened was they were back in Iran. Debtor and Shala Tehrani, they were in Iran. By the time they got here, already the creditor knew. He had the information. He knew that they were in Iran and by the time they came here, the creditor got his default. And the debtor went to Judge Johnson to the court of Van Nuys and said, I am here. I want to decide the default. He said, you are not a lawyer. You have to hire a lawyer. And plus, you have a technical problem. I cannot put aside this default. He went after the lawyer and then they hired a lawyer. The second step was through the incompetent lawyer that Shala Tehrani went to Judge Johnson to put aside the judgment. And the first one took three minutes. The second one, not Shala, is in front of the judge. It just took three minutes only. The incompetent lawyer did not show up in the court in hearing to argue the case and he did not submit any evidence that they are not here. Why should we set aside this case? And Judge Johnson says that there is no evidence here to support that they are not here. Plus, basically he said, I cannot put aside the judgment. So the judgment stayed in place. This is the second time. And the third time, the debtor, Reza Manish, went to Judge Johnson with the full file of information, complete, correct. And they then exported to Judge Johnson to say, please set aside this judgment. We want to argue the case. Judge Johnson took the file aside. He says, I am not going to review this file, export it. And I already voted one time and you cannot, I cannot agree with this, set aside. And why Judge Johnson himself, in the first time, told the debtor that you are not lawyer, you have to go get a lawyer. And the first time, the debtor went for just only default. But the second time, he went for default judgment to set aside. So he had a right to go with it. An incompetent lawyer said, okay, now it's too hard to go to appeal, it's too much costly, let's go to bankruptcy. And we're going to go to bankruptcy. Why he went to the bankruptcy right away? Because illegally they put levy on the property, my sale. And it was a few days just before going to the sale. And nervous, the lawyer recommended go to the bankruptcy court. And this bankruptcy court is going to throw out this judgment. And this is outrageous about what he said. And then he walked to the court. When he walked to the court, trustee, in first time, didn't say nothing. The second time, he hang on this judgment, said this judgment says that you own this property, and you are a debtor, and this property is a property of state. And I was shocked at what's going on here, step by step going bad and worse. So then trustee, after one month and a half, came to my property, the letter that you have to get out from here. This is my property. And I was, what's going to happen? Why is it going to be like this? I hired my lawyer, and then we went to the court. I said, no, I am not going to leave. This is my property. And later on, the court voted against me. He said, you are the same as Shahla Brumann. She went to the court, and she lost. You are the same. You are both fighting for your property. He did. But she didn't do it. She didn't fight. She didn't have any time, any argument in the court. She was not in front of the judge. She didn't do it. There was no litigation in the court. There was nothing. So it just, he was lucky this creditor based this lawsuit when they were there. And he was pretty over there. And it's too much conflict. And he was lucky he got that default judgment. So I'm not in privity with Shahla Tehrani. The second thing is very important. I bring it up here. The judgment, resulting judgment, which was issued on 2015, it says that debtor is equitable owner of the property. Therefore, Shahla Tehrani, Shahla Brumann, from 99 to 2006 is legitimate title holder of this property. What happens suddenly, 2006, that Shahla Brumann Tehrani become the trustee of debtor? Isn't it that resulting trust must have some rules and regulations? Resulting trust is arising when the purchase happens, when the money is transferred. What purchase happened 2006? What money was passed through? Nothing. So then this judgment is not right. This resulting trust is not right. Plus, resulting trust happens 2006. This creditor is family friend, 40 years friend, coming to our home. It's a picture, it's video, everything is there. That is submitted to the state court. But a state court trustee stop it, doesn't let this case go forward. Why? He says, you are my property. I don't let you do this. And then the debtor goes to the, last month he went to federal court, say, okay, I have a claim that this is baseless lawsuit and it's not true. And I paid his money, I want to open the case. Judge Kaufman says, you cannot open here, trustee should allow you to open this case in a state court. Or trustee should bring this case open in this court. And the debtor goes to trustee, trustee do not want to cooperate. He says, I am not going to open the case in this court. And he's not allowing the state court case which was open before even the bankruptcy case petition. He does not allow the case become open. Sir, you've got four minutes left. If you stop now, you can come back and you can take all the time you want. You can take all four minutes. Please go. Okay, thank you. Counsel, please come forward, introduce yourself. If it please the court, Richard Burstein for David Soror, Chapter 7 trustee and appellee. I would say that Judge Kaufman's thoroughly researched, analyzed decision reflects no reversible error. You'll excuse us if we just look at it one more time. I think that you got some factual things that were decided after a trial and those things are a little hard to address on appeal or to reverse on appeal. But this issue of issue preclusion, we kind of look at a new and here we've got a default judgment. In my jurisdiction, default judgments are not usually allowed for this purpose. You've got a default judgment involving someone who's not a not named party in the litigation, makes it a little more tenuous. I wonder if you would address that issue. I think that's the one issue that the court is would like to look at a little more carefully. In California and in the Ninth Circuit. I know we're in California. I'll follow. I promise you I'll follow California law. Okay. Default judgments are acceptable. Well, the analysis is really two steps, right? The first is to look at California law and determine whether claim preclusion would be available under California law, whether the factors are satisfied. And then the second is to see whether there's anything about the application of claim preclusion in the federal context that would be inappropriate or against public policy. Okay. We've got, this is a little different. It is a default judgment which qualifies under about the action and a privity question, all of which complicate things a little bit. So that's where I think we have some questions for you. I think Judge Coffman points out in her decision, and you heard it a moment ago, that the appellant, the defendant, had notice. He had the complaint, shared it with his brother, who's the debtor, who's actually also here in court. Judge Coffman decided not to follow our suggestion and look at the Liz pendants that was recorded with regard to that state court litigation for purposes of binding effect, but she looked to privity. And those, I think, are factual questions in terms of whether there is a sufficient nexus of interest and connection to the parties. And she found as a factual finding, I believe, that those were present and that there was issue preclusion with regard to the resulting trust judgment as it's was appropriately based on the facts in the record. And I would just like to point out, because I've lived with this case for some time, the appellant said to you that he recited a series of events in the Superior Court, many of which may not be in the record, but he said they happened. What's clear from all of this is they made repeated efforts to have this resulting trust judgment set aside, and they failed. And you also heard him say that they didn't seek review of the in the state court system. They made a decision. He made a decision, the appellant. Not enough couldn't afford it. So now he's blaming his bankruptcy lawyer for saying file a petition, not in the record, hearsay, but if we're looking at the equities and whether it's appropriate to apply issue preclusion. These, the appellant here is an experienced litigator in the Superior Court of the state of California. That's clear in the record. He files lawsuits all the time, often with fraudulent statements in them. He admitted that on the record before Judge Kaufman. So on the equities, she was on solid ground on finding issue preclusion and in finding the facts to support privity. I don't believe that there is anything in this record that requires you to feel that equity has not been done to the appellant. Do we know from this record that the complaint in that action, the state court action, was served on the defendants? I mean, they say they were out of the country. We know or it's asserted that the appellant got a copy. The appellant got a copy of it. I think Judge Kaufman's decision says he had a copy of it. He shared it with his brother, the debtor. But isn't proper service, personal service, or some substitute service a requirement for a valid judgment? And do we have evidence of that? I think there are a couple of answers to that. First of all, if the default was improperly taken, the remedy was to move to set it aside, which they apparently tried to do unsuccessfully. It's not for Judge Kaufman then to look behind the resulting trust judgment because if she did, she would undertake an impermissible role as being an invited federal judge sitting as an appellate review court. I think that's not right. I mean, it's not a question about whether it's an appeal of that judgment or setting aside that judgment. Isn't an issue about whether using issue preclusion, an issue determined in that lawsuit, allowing that to come into your own lawsuit? Isn't that different? Go ahead. Step one is a valid judgment is the first piece of issue preclusion. And if there weren't proper service, one could argue there wasn't a valid judgment. That would be the point, right? But that point has passed this by because of their attempts to set it aside, is what you're saying. And they didn't seek review within the state court system of the denial of their motion. Even under California laws, are there instances where the judge can exercise discretion and say, I'm not going to use issue preclusion from that judgment because it would be unfair? I think the California law is that a default judgment is a decision on the merits. But that's a different question. I mean, the question that Judge Kurtz is asking is, I mean, step one is, does it qualify? And if you tick all five factors, it qualifies. Then is one bound to apply it? That's a different question. Let's assume, because I think that there probably is an element of equity. Judge Kaufman elected to apply that judgment here. Was she wrong? Was that an abuse of discretion if she was vested with that discretion to come out as she did? Our answer is no. It would not be an abuse of discretion for her to decide this case as she did because she had the opportunity, as you have in a smaller fashion, to see the appellant. And I think she correctly came to the conclusion that they made some decisions about what to do. They are properly bound. They had knowledge. They made choices about not seeking review. And I don't want to be harsh, but the appellant is an individual who before the resulting trust judgment filed a lawsuit in the Superior Court and said to the court that the deed from himself to Schala for this property was a forgery. And in front of Judge Kaufman, when asked about those allegations, he said those allegations were a mistake. And in front of Judge Kaufman, when asked why it was in the pretrial stipulation that it was admitted that they were in possession of property of the estate from rental receipts, and he denied that, he said this lawyer made a mistake. The same lawyer who sat at counsel table and represented him at the trial. So Judge Kaufman exercised, if vested with discretion, exercised the discretion to conclude that it was appropriate that this party, Mr. Fadimanisch, remain bound by that Superior Court judgment. And I don't think there is anything in the record here that ought to convince you that she was anything other than absolutely right in that call. Well, let's make the argument for the other side. Are the witnesses here? Am I hearing testimony from them? The answer would be yes. She's having a trial. She's hearing the witnesses. Why would she need to depend on issue preclusion to make that determination when she has the actual witnesses testifying in her court? Particularly when the issue preclusion is based on a default judgment. Particularly when the issue preclusion involves a litigant who is not a party to the judgment. I mean, why would you do it that way? Why wouldn't you just listen to the testimony and make your own judgment? Well, the trail of title on this parcel was convoluted. It began very clearly. The appellant purchased this parcel on a sale and it was in his name. It became convoluted when there was a deed from him to Schala, some years later, transferring title. So the first problem is, what do we do with that deed? He helped us out because he initially alleged in his complaint in the Superior Court that it was a forgery and then he told Judge Kaufman, no, that was an error. So Judge Kaufman knew that Schala had the property at some point and he did not. So she had the evidence in front of her? Why didn't she just make findings based on the evidence in front of her? Because we needed to get the property in the trustee's view to become an asset of the debtor's estate, not an asset of Schala. And it was the effect of the resulting trust judgment to declare that Schala's interest was as a resulting trustee an equitable interest in the debtor when she transferred, tried to transfer the property, so that as of the petition date this became an estate asset. We weren't Schala's lawyers. Well, wasn't step one the settlement? I mean, there was a settlement in 2006 or so, right, that provided that a partnership was going to be dissolved and there wasn't a whole lot of detail what the partnership was, but the property was going to be vested in, if I remember correctly, Schala. And the debtor. Okay, thank you. And subject to a fairly significant claim by the appellant, right? A money claim. A money claim. Yes. Okay. And that was step one in your piece, right? Right. Okay. This lawsuit in which the appellant alleged that the deed from him to Schala was a forgery was settled by that stipulated judgment that you referred to, and in that stipulated judgment it was provided that the property was the debtor's, Schala's, and there was a money obligation in favor of the appellant for $175,000. Right. And that's the last operative document before the deed from Schala to appellant? Or is there another transfer? That's, I think that's, that is correct. And the deed from Schala to appellant, the 74.9% interest transfer, that was another item that we had to deal with. And that, we proposed to deal with it by a Liz Pendence issue in the Razorpore resulting trust litigation. Judge Kaufman preferred to deal with it on issue preclusion. Yeah. That Schala's interest was at best by then an equitable interest, and as Judge Kaufman says, in fact, at that point she had no interest. So the property is the debtor's at the end of this convoluted trail of back and forth on this parcel. Thank you, counsel. Thank you, Your Honors. Please proceed, sir. Yeah. Well, what Mr. Bernstein is talking here all has an answer, but I don't know if I can catch up and then give all this answer. Regarding that, he says we don't want to go beyond the resulting trust judgment because we cannot. The Judge Kaufman could not. But Judge Kaufman in the court is saying a lot of things against me. He says, why you didn't go put a motion against the case over there? Why you didn't do this? Many other things that he's bringing, and then from that judgment he's using, she's using against me, then she makes conclusion that then you are the same and then you are the loser too. Why I think if you are giving so much weight to this resulting trust judgment, why you do not allow me to examine that? Why you don't let me talk about it? How this resulting trust became generated, became created? And at the end, they come to the credibility. I would ask that these current days that we have this case, what is wrong about my case about credibility and what is the fraudulent action that I have done? I had a contract agreement, a purchase agreement to buy back again. And Judge Kaufman says this is another resulting trust by Hossein Fateh Manesh. And I ask why, why resulting trust? What happened to resulting trust? Sharla was already resulting trust. Nothing was wrong. Why suddenly I become resulting trust? I simply entered, put aside all the fighting for last 13 years. I made agreement to buy the property back and then stay and start my work. This is not resulting trust. I just purchased. I paid for it. I had 300, more than 300,000 secure charity on the property. I paid for that. And this Mr. Bernstein must come forward, say Hossein Fateh Manesh did fraudulent act on this date to purchase this property. I can take this back. I bought it legitimately. And he cannot come. If someone else was coming forward and buy this property and go to the escrow, could he come and take the property back? Perhaps no. He couldn't get it. So why I have to be a victim in this situation? And then they always say this property is back and forth. And there are many statements they make that this is back and forth between Deptor, Sharla Tehrani, and Hossein Fateh Manesh. Deptor never had name on this property even back to 50 years. In this brief, they just bring – I don't know why they know all the facts here, but I don't know why knowingly they put statements that is not matching the facts. Why they have to complicate the condition? Where they want to go from here? So this is the – well, I believe I have to say because I cannot even go through my notes. The conclusion is this. I bought back this property legitimately, and the rules of privity, preclusion is not going to come haunt me here because I didn't have a chance to go say this default judgment, result default judgment is not valid. And he, Mr. Berson, I remember now, says that this many times went to the court, and then they couldn't put aside. And this doesn't bring legitimacy for the judgment, resulting judgment. Yeah, it was three times went to the court to set aside the judgment, and these three times are three minutes, and two times lawyers not appear in the court. On that note, I'm going to ask you to complete your argument. I think we have some understanding of this case, and we're going to look at it very, very carefully, and we'll give you an opinion, you know, very quickly. Thank you very much. Thank you. I appreciate it. Your Honor. Thank you very much. Thanks a lot.
judges: Kurtz, Faris and Lafferty